EDWARD MEDCALF v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 17, 1900.

Nos. 12,278—(129).

### Bicycle Rider—Collision With Street Car.

In an action for damages for personal injuries caused by the alleged negligence of defendant in the management and operation of one of its street cars, it is *held* that the evidence conclusively shows contributory negligence on the part of plaintiff, and that a verdict was properly directed for the defendant by the trial court.

Action in the district court for Ramsey county to recover $10,-310.25 damages for personal injuries. The case was tried before O. B. Lewis, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Charles H. Taylor*, for appellant.

*Munn & Thygeson*, for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. A verdict was directed for defendant in the court below, and plaintiff appeals from an order denying a new trial.

Defendant is a corporation engaged in operating a line of street railway in the city of St. Paul, which extends in part along and upon Robert street, one of the principal thoroughfares of said city. Plaintiff resides in West St. Paul, to which point said street and said railway extend. On the day of the accident in question he was riding to his home on his bicycle along such street, and before reaching his destination collided with one of defendant's street cars, and received the injuries complained of. He was preceded on such street by one of defendant's cars moving in the same direction. He kept at a distance of about fifty feet from the car, riding between the rails of the track on which such car was so moving. When midway between Chicago and Indiana avenues, the car pre-

[1] Reported in 84 N. W. 633.

ceding him suddenly slowed down, and slacked its speed to avoid striking a large furniture wagon moving slowly before the car. Plaintiff was riding his wheel at between six and eight miles an hour, and when the car slowed down, and came nearly to a standstill, determined to pass it and proceed on his way. He could not pass the car on the right because the furniture wagon obstructed the street between the car and the curbing, and the only route open to him was to cross the adjoining street-car track, upon which cars moved in the opposite direction into the city. He testified that, after determining to pass the car, he looked down the other track, and saw no car approaching from that direction, so turned his wheel to cross such track, and almost immediately collided with a car coming very rapidly from the direction he had the moment before looked.

Though there is some little controversy as to just where plaintiff struck the car or the car struck plaintiff, a fair view of the evidence shows conclusively that instead of the end striking him, as his counsel claims, he ran his wheel into the car, and struck it at a point three to five feet from the front end. He was thrown some distance and seriously injured. It was midday when the accident occurred, and there was nothing, other than the car some forty or fifty feet in advance of plaintiff, to obstruct his view down the opposite track. He testified that before turning to cross that track he had an unobstructed view thereof for a distance of about one hundred feet, and did not see the car, which was then almost upon him, until he was nearly upon the track on which it was moving. He then turned his wheel; and endeavored to avoid a collision, but was too late. He was an experienced wheelman, familiar with the location, and with the movements of street cars at that point, and had full control of his wheel.

The court below directed a verdict for defendant on the ground of plaintiff's contributory negligence. There is no question as to the negligence of defendant. The complaint alleges, and the evidence sustains the allegations, that defendant's street car was being run at a highly dangerous and unlawful speed. So the only question in the case is whether the evidence is conclusive, as a matter of law, upon the question of plaintiff's contributory negligence.

Brushing aside the mathematical calculations of distance and time indulged in by counsel on the argument, which tend more to confusion than demonstration of any particular fact, we have another of those cases of extreme carelessness on the part of bicycle riders so well described by the late Judge MITCHELL in the case of Gagne v. Minneapolis St. Ry. Co., 77 Minn. 171, 79 N. W. 671. He there said:

"Any one accustomed to ride on street cars, who is at all observant, must know that there is a very large number of bicyclers who ride between or near street railway tracks, and who seem to think it is not 'good form' to get out of the way of an approaching car, or to give any indication of their being aware of its approach, until the very last moment. If a motorman was required to stop or slow up in every such case until he was sure that the rider would get out of the way, it would be practically impossible to operate the cars so as to properly serve the public."

In this case plaintiff was riding very rapidly in the rear of a car, in the full possession of his faculties and the control of his wheel, and in an attempt to pass the car turned upon the adjoining track without noticing an approaching car, which, by the exercise of the most ordinary care and prudence, he could not fail to have seen. The conclusion is inevitable either that he did not look, or, looking, saw the approaching car, and thought he could avoid a collision with it, and failed. The case is not unlike Greengard v. St. Paul City Ry. Co., 72 Minn. 181, 75 N. W. 223. In that case the court say:

"The evidence, therefore, makes a case of an adult, in the full possession of all his faculties, with knowledge of the situation and the attendant risks, with ample opportunities to ascertain the approach of cars, with nothing to distract his attention, and without any necessity or even occasion for taking chances, rushing hastily across one track, at a point not a street crossing, in the immediate rear of a passing car, without knowing, or taking any reasonable means to ascertain, whether a car was approaching from the opposite direction on the other track."

In this case plaintiff was in a place of perfect safety before turning his wheel to cross the other track. He could have easily dismounted. His attention was not distracted, and, with no necessity

for taking chances or attempting to cross the other track without ascertaining definitely whether a car was approaching, he dashes his wheel out, and almost immediately collides with an approaching car.

The plaintiff testified that he looked for the approaching car before turning to cross the other track, and that he did not see one, and it is claimed that this testimony was sufficient to take the case to the jury. The broad daylight facts of the case show beyond doubt that plaintiff is mistaken. Actual conditions and physical facts surrounding the accident are conclusive that he did not look, or that, if he did, he would have seen and did see the approaching car, and failed in the exercise of any sort of care to avoid a collision with it. He testified that he looked for an approaching car, and, not seeing one, turned to cross the track, and almost immediately collided with the car he says he did not see approaching. The conclusion is unavoidable that he is mistaken, and, in the face of all these obvious and undisputed facts and conditions, the court was not bound to submit the case to the jury on his highly improbable statement that he looked for the car, and did not see it. Messenger v. St. Paul City Ry. Co., 77 Minn. 34, 79 N. W. 583.

Our conclusion is in harmony with that reached by the learned trial judge, and his order in the premises is affirmed.