## JOSEPH SCHRANKEL v. MINNEAPOLIS STREET RAILWAY COMPANY.

## ALTA SCHRANKEL v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 5, 1919.

Nos. 21,545, 21,546.

**Negligence.**

One of defendant's street cars going north passed plaintiff and he then turned his motor to the west and started to cross defendant's street car tracks when he was struck by a car going south and injured. At the close of the evidence the court dismissed the case. *Held*: No error. [Reporter.]

Two actions in the district court for Hennepin county, the first to recover $4,150 and the second to recover $3,000. The cases were tried together before Jelley, J., who when plaintiffs rested granted defendant's motion to dismiss in each action on the ground that they had failed to make out a cause of action against defendant, in that they had shown no negligence on his part and that the evidence conclusively showed that plaintiff was guilty of negligence as a matter of law. From orders denying motions for a new trial, plaintiffs appealed. Affirmed.

*Brady, Robertson & Bonner*, for appellants.

*R. T. Boardman* and *W. D. Dwyer*, for respondent.

PER CURIAM.

These two actions involve the same facts and were consolidated and tried together. There was a dismissal at the close of the evidence, and plaintiffs appealed from an order denying a new trial.

[1]Reported in 174 N. W. 820.

144 M.—30.

Plaintiff, accompanied by his coplaintiff, his wife, was driving his automobile along Washington avenue in the city of Minneapolis, in a northerly direction, a street car following closely behind. A gasolene filling station is located on the west side of the avenue at the intersection of Ninth Avenue North. As plaintiff approached that avenue he slowed down, with a view, when the street car passed him, of crossing the street to the filling station for a supply of gasolene. He stopped his automobile at about the north line of Ninth avenue to permit the street car to pass and as it did so plaintiff started across the street in the rear thereof and in the direction of the filling station. He was almost immediately struck by a street car coming from the north on the opposite street car track. The street car which passed plaintiff did not stop to take on or discharge passengers.

In our view of the record the trial court properly dismissed the action for want of actionable negligence against defendant. There was no evidence, circumstantial or otherwise, of excessive speed of the street car, and no sufficient evidence that the usual signals were not given of its approach. Plaintiff alone testified that he heard no signals. No other witness testified upon the point. And, moreover, it is clear that under the facts presented no particular signal was necessary. The accident occurred in mid-day, and when plaintiff slowed down and stopped his automobile the street car was a few feet distant and coming toward him on the opposite street-car track. Plaintiff must have seen it approaching; if he did not it was because of a failure on his part to exercise a proper degree of care for his own protection. A signal at the time would have been of no benefit, and would have added nothing to the situation which was plainly in the view of both plaintiff and his wife. Medcalf v. St. Paul City Ry. Co. 82 Minn. 18, 84 N. W. 633.

Order affirmed.