## LOUISE KAISER AS ADMINISTRATRIX OF THE ESTATE OF ALBERT KAISER, DECEASED · v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

### December 3, 1920.

### No. 22,020.

**Death by wrongful act—voluntary intoxication of decedent.**

1. Where a person becomes intoxicated from the voluntary use of intoxicating liquor and in such condition wanders onto a railway track and there remains until he becomes unconscious and is run over and killed, such acts constitute contributory negligence so as to bar a recovery for his death in an action for ordinary negligence.

**Same—wilful negligence.**

2. Contributory negligence is not a defense to an action for wilful negligence.

**Same.**

3. Evidence considered and *held* not sufficient to fairly sustain a finding of a jury that defendant was guilty of wilful negligence.

Action in the district court for Hennepin county to recover $7,500 for the death of plaintiff's intestate. The answer alleged contributory negligence on the part of decedent. The case was tried before Jelley, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*F. D. Larrabee,* for appellant.

*Ralph T. Boardman* and *W. D. Dwyer,* for respondent.

[1]Reported in 181 N. W. 569.

QUINN, J.

Action to recover damages for the death of Albert Kaiser, who was killed while lying on defendant's track at Fortieth avenue Northwest and Fifth street, in the city of Minneapolis. At the close of the testimony the trial court directed a verdict in favor of the defendant. From an order refusing a new trial, plaintiff appealed.

There is little or no dispute as to the facts leading up to the death of deceased, as appears from the record in this case. On June 8, 1918, he was a passenger on the street car that preceded the one that ran over him on the night in question. He left the car in an intoxicated condition at the corner referred to, near the place where he was run over. It appears from proofs offered by the plaintiff that, after getting off the car, he wandered onto the wye track, and before the next car came along had fallen upon the track in an unconscious condition, at the place where he was later run over and killed.

The complaint charges the defendant with ordinary negligence and also with wilful negligence in causing the death of deceased. The trial court held, and we think correctly, that there was no proof of wilful negligence and that, as deceased was guilty of such contributory negligence, as a matter of law, in lying upon the car track in the night time, as to preclude a recovery for ordinary negligence, there was nothing to submit to the jury, and accordingly directed a verdict for the defendant.

The night was dark and foggy. The street lamps at the corner were not lighted. The car came from the east on Fortieth avenue at about one o'clock in the morning, and stopped at the switch while on the straight track. The headlight was burning and the car was lighted. The only persons on it were the conductor and motorman. The motorman threw the switch, then pulled around the curve on the wye to the left on Fifth street. Kaiser was lying on the left or easterly rail, at a point about two-thirds of the way around the curve. The car moved at the rate of about two or three miles per hour. At no time while rounding the curve could the headlight have shone upon the spot where the accident occurred, the reflection being straight ahead and to the right of the curve.

Where a person becomes intoxicated from the voluntary use of intoxi-

cating liquor and in such condition wanders onto a railway track and there remains until he becomes unconscious from the effect of such liquor and is run over and killed, such acts constitute contributory negligence so as to bar a recovery for his death in an action for ordinary negligence. Little Rock Ry. & Electric Co. v. Billings, 173 Fed. 903, 98 C. C. A. 467, 31 L.R.A. (N.S.) 1031, 19 Ann. Cas. 1173; Smith v. Cleveland Ry. Co. 67 Ind. App. 397, 115 N. E. 603. But it is well settled in this state that contributory negligence is not a defense to an action for wilful negligence. 2 Dunnell, Minn. Dig. § 7036, and cases cited.

It is conceded that the motorman did not see the form upon the track and had no actual knowledge of it being there until after the accident The plaintiff rests her right to recover solely upon the negligence of the crew in charge of the car that ran over the deceased.

The decisive question presented is whether there is any evidence in the case to fairly sustain a finding by a jury that the defendant was guilty of wilful negligence. The term "wilful negligence" is clearly defined in Havel v. Minneapolis & St. L. R. Co. 120 Minn. 195, 139 N. W. 137, and cases cited, where it is held that wilful negligence "is a reckless disregard of the safety of the person or property of another, by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury."

Richard Green was called by plaintiff as a witness. He testified that he came to this corner to take the car; that he waited on the opposite side of Fortieth avenue until the car stopped at the switch, then crossed over to a point in the wye while the car was moving around the curve; that, as the car was moving toward him, he saw something on the track about 12 feet from where he stood, but could not tell whether it was a human form or not; that he waved and called to the motorman to stop; that the car was then within 30 or 35 feet of its regular passenger stop; that the motorman saw Green wave, but did not stop the car until it arrived at the usual stopping place. At the time the signal to stop was given the car was within about 20 feet of where the deceased lay.

The motorman testified that he saw Green wave, but supposed he wanted to take the car and so proceeded to the regular stopping place; that he felt the car jar and when he stopped went outside, and the man who had flagged him said: "You have run over somebody." That he

then walked around the car and saw nothing. That he lit a match and discovered the deceased under the rear trucks of the car. The front windows of the car were closed. He did not hear the man call to him to stop and did not know of the peril until after the accident. The proofs fail to show wilful negligence.

Affirmed.