# HARRY ANDERSON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 16, 1921.

No. 22,610.

**New trial — contributory negligence of automobile driver — wilful negligence of defendant.**

Action to recover for damages to plaintiff's automobile caused by collision with the defendant company's street car. The trial court directed a verdict for defendants and thereafter granted a new trial. *Held*:

(1) That the evidence shows conclusively that plaintiff was guilty of contributory negligence.

(2) That there was not evidence sufficient to warrant the submission of the question of wilful negligence to the jury, that the order directing a verdict for the defendants was right and that plaintiff was not entitled to a new trial.

Action in the municipal court of Minneapolis to recover $140 for injuries to an automobile. The case was tried before Charles L. Smith, J., who when plaintiff rested granted defendants' motion for a directed verdict on the ground that plaintiff had proved himself guilty of contributory negligence; that he had failed to prove his cause of action against defendant and that the evidence was not sufficient to warrant a verdict for plaintiff. From an order granting plaintiff's motion for a new trial, defendants appealed. Reversed.

*John F. Dulebohn, W. D. Dwyer* and *Ralph T. Boardman,* for appellants.

*Marshall S. Snyder,* for respondent.

QUINN, J.

Plaintiff brings this action to recover for damage to his automobile caused by a collision with the defendant company's street car, through the alleged negligence of defendants. At the close of plaintiff's testimony the court directed a verdict in favor of the defendants and from an order granting a new trial upon the ground that the evidence made a case of wilful negligence for the jury, defendants appeal.

[1]Reported in 185 N. W. 661.

The Minneapolis Street Railway Company is a corporation operating a street railway system in the city of Minneapolis. J. D. Lane was the motorman on the car in question. The damage occurred at the intersection of First Avenue North and Seventh street. Upon each of these thoroughfares are double street railway tracks which are connected at this intersection by a wye. On May 13, 1920, a street car in charge of Lane was standing on the track near the intersection. It proceeded over the curve leading from Seventh street to First Avenue North. Plaintiff's automobile came up behind the car which had stopped. When the car started again the automobile was passing at its side. The left side of the automobile came into contact with the right side of the street car back of the motorman's cab door. The right front wheel of the automobile was against the curb to the right of the track upon which the street car was moving. At this point it is 8 feet from the curb to the rail of the track. The street car was moving on a curve to the right, so that the body of the car was necessarily considerably closer to the curb than the rail. It is the contention on behalf of the plaintiff that the damage to his automobile was caused by the wilful and wanton negligence of the defendants. The cause was tried on behalf of the plaintiff on that theory. It is so alleged in the complaint. The answer denies negligence and affirmatively alleges plaintiff's contributory negligence. The reply denies contributory negligence. The issues of fact are failure of defendants to signal that the car was moving and the alleged wilful neglect to avoid the accident when they discovered plaintiff in a position of peril.

Plaintiff testified that he was familiar with the street crossing, had driven over it before; that he knew there were several tracks at that point and that the street cars went over the curve in question at times; that his automobile was 5½ feet wide; that he was some 15 feet from the point of contact when he observed the street car moving; that he was going at the rate of about 2 or 3 miles per hour, had full control of his car, and could have stopped it within 2 or 3 feet. Had he done so the collision would have been avoided. His failure to do so was negligence on his part which contributed to the accident. Under these circumstances it was immaterial whether the defendant failed to give a signal of the movement of the car. Medcalf v. St. Paul City Ry. Co. 82 Minn.

18, 84 N. W. 633; Teal v. St. Paul City Ry. Co. 96 Minn. 379, 104 N. W. 945; Schrankel v. Minneapolis St. Ry. Co. 144 Minn. 465, 466, 174 N. W. 820; 2 Dunnell, Minn. Dig. § 7036, and cases cited; Kaiser v. Minneapolis St. Ry. Co. 147 Minn. 278, 181 N. W. 569.

The decisive question in the case then is whether there was proof sufficient to warrant the submission of the question of wilful negligence to the jury. Under the decisions of this court wilful negligence is said to be conduct that amounts to a "reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury." Gallagher v. Northern Pacific Ry. Co. 94 Minn. 64, 101 N. W. 942; Teal v. St. Paul City Ry. Co. supra; Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123, 14 L.R.A.(N.S.) 886; Havel v. Minneapolis & St. L. R. Co. 120 Minn. 195, 139 N. W. 137. The automobile came into contact with the side of the street car back of the motorman operating it. In this position he could not see the automobile, unless through the mirror referred to in the testimony, or by turning and looking back. The motorman was called by the plaintiff as a witness for cross-examination. He testified in effect that while operating the car on this curve he looked a number of times into the mirror to see whether there was anything approaching from the rear and saw nothing; that the first he knew of the plaintiff's presence was when he felt a jar from the impact, at which time a signal to stop was given by the conductor.

As to how the collision occurred, plaintiff testified that as he approached the intersection, when he was 25 or 30 feet behind the street car, he saw it standing on the switch ready to go; that it started and he slackened his speed; that the street car stopped again; that he then started his automobile, and, when about even with the middle of the street car, he saw he could not get through and immediately drove up against the curb; that he had plenty of time to hollo to the motorman to stop, but he thought he might stop or look out through the glass, and that the street car then crowded against his automobile crushing it.

We discover nothing in the record to controvert the testimony of the motorman that the first he knew of the presence of the plaintiff or his car was when he felt the jar from the impact. Nor does counsel for plaintiff in his brief point out any testimony bearing upon that phase of

the case, but rather recurs to the contention that under the proofs it does not conclusively appear that plaintiff was guilty of contributory negligence. We are unable to concur in this contention. It is clear that, as the appellant's automobile neared the corner, the distance between the rail and the curb lessened to such a degree that immediately in front of the street car at the time of the collision that distance was only 4 feet 8 inches, and it would be impossible for the automobile to pass between the moving street car and curb at that point, clearly indicating that the plaintiff was driving into certain danger. There was nothing to obstruct his view. He had full control of his automobile with full knowledge of the situation. It follows that the order directing a verdict for the defendants was right and that plaintiff was not entitled to a new trial.

Reversed.