HERMINA W. TURNER, ADMINISTRATRIX, ETC. v. MINNE-
APOLIS STREET RAILWAY COMPANY.[1]

December 8, 1922.

No. 23,140.

**Death by wrongful act—verdict sustained by evidence.**
1. In an action under the death by wrongful act statute, the evidence
is *held* sufficient to support the verdict upon the issues of negligence
and contributory negligence.

**Amount recovered not part of decedent's estate but goes to kindred.**
2. The recovery in such an action, though brought and prose-
cuted by the administrator of the estate of decedent, appointed by the
probate court, forms no part of the estate to be administered by him
but enures exclusively to the benefit of the next of kin.

**District court has jurisdiction over plaintiff administrator—probate court
cannot interfere.**
3. The administrator, plaintiff in the action, in respect to the prose-
cution thereof, and the distribution of any recovery therein, is under
the jurisdiction of the district court, and the probate court has no au-
thority to interrupt or suspend the same by a discharge of the admin-
istrator or otherwise.

**Discharge of administrator by probate court does not affect his prosecu-
tion of the action.**
4. A final decree and order by the probate court, on completion of
proceedings therein, discharging the administrator, must be restricted
in operation and effect to the probate court jurisdiction, and inopera-
tive as a suspension of the authority of the administrator to continue
the prosecution of an action then pending in the district court under
the statute.

After the former appeal reported in 140 Minn. 248, 167 N. W.
1041, the case was tried before Buffington J., who when plaintiff
rested denied defendant's motion to dismiss the action and at the
close of the testimony its motion for a directed verdict. and a jury

[1]Reported in 190 N. W. 986.

which returned a verdict for $2,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Ralph T. Boardman* and *W. D. Dwyer*, for appellant.

*Donald G. Hughes* and *Neil Hughes*, for respondent.

BROWN, C. J.

This cause was here on a former appeal (140 Minn. 248, 167 N. W. 1041), where an order denying a new trial was reversed and a new trial granted on the ground that the trial court erred in directing a verdict for defendant. It was subsequently retried below and a minimum verdict returned for plaintiff which the trial court set aside as inadequate, ordering a new trial. The third trial resulted in a substantial verdict for plaintiff, and the cause is again before us on defendant's appeal from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

The questions presented in support of the appeal are: (1) Whether the evidence is sufficient to sustain the verdict upon the issues of negligence of defendant and contributory negligence of decedent; and (2) whether plaintiff has authority to further prosecute the action, since prior to the last trial she was by formal order of the probate court discharged as administratrix of the estate of decedent.

1. Our examination of the record discloses evidence sufficient to justify the verdict as to negligence and contributory negligence. We do not discuss it, two juries have found for plaintiff thereon, and it is sufficient that we have carefully read it with the result stated. The case of Schrankel v. Minneapolis St. Ry. Co. 144 Minn. 465, 174 N. W. 820, is distinguishable and inapplicable. In the case at bar the street car behind which decedent drove his automobile across the street had stopped to take on and discharge passengers, and decedent was struck by a car approaching on the adjoining track coming from the opposite direction. Decedent had the right to act on the theory that the oncoming car would not pass the standing car and would slow down to avoid colliding with persons leaving the standing car and passing to the rear thereof.

Bremer v. St. Paul City Ry. Co. 107 Minn. 326, 120 N. W. 382, 21 L. R. A. (N. S.) 887. He is dead and we are bound to assume that he exercised reasonable care for his safety. Dunnell, Minn. Dig. 1916 Supp. § 2616 and citations. The same situation as to the movement of the street cars was not presented in the Schrankel case.

2. The question whether plaintiff has legal capacity to continue the prosecution of the action, notwithstanding the probate order of discharge, must be answered in the affirmative.

The action has been in court for some time, having been commenced in 1916. Plaintiff was appointed administratrix of the estate of decedent following his death, and duly administered his estate in the probate court. Her duties in that particular being complete, the estate was closed by final decree and plaintiff discharged. The discharge was not known to defendant nor to counsel for plaintiff until the present trial was about completed. The point was then made that the discharge by the probate court left plaintiff without legal right to continue the action. While the matter was under consideration by the court, the probate court on an ex parte application made an order reinstating plaintiff as administratrix, and the order was offered and received in evidence, to which defendant took exception.

It is clear and we so hold, that the order of the probate court discharging plaintiff as administratrix of the estate of decedent was inoperative and ineffective as to this action, pending in the district court. Her discharge must be limited to the probate court, and her authority therein to further perform or do any act relating to the administration of the estate in that court. This action is under the death by wrongful act statute, and the recovery therein forms no part of the estate of decedent, but enures wholly to the next of kin. The probate court has no authority or jurisdiction of the administrator in such cases, who in prosecuting and conducting the litigation is a representative of the next of kin, and as such under the exclusive control and direction of the district court. Aho v. Republic I. & S. Co. 104 Minn. 322, 116 N. W. 590; Mayer v. Mayer, 106 Minn. 484, 119 N. W. 217. In that situation it is mani-

fest that the probate court is without jurisdiction to interrupt the proceedings in the action in the district court by an order discharging the administrator. The case in this respect is similar to the situation presented in State v. Hagerty, 152 Minn. 502, 189 N. W. 411. There the defendant had been committed by an examining magistrate to the common jail of the county to await the action of the grand jury on a charge of murder. Subsequent thereto the probate court of the county assumed jurisdiction over defendant and in appropriate proceedings therein he was adjudged insane and ordered committed to the asylum. Thereafter the grand jury duly returned an indictment and when arraigned thereon his counsel interposed in abatement of the prosecution the adjudication of insanity by the probate court. The plea was rejected, and on review of the ruling we held that the jurisdiction of the district court could not thus be divested, and the action of the probate court was held for naught. In the case at bar the action and the control of the same as well as the power to direct plaintiff in the prosecution thereof, including a distribution of any recovery therein, rest with the district court, whose jurisdiction in the premises is beyond curtailment in any form by the probate court. It follows therefore that the discharge of plaintiff as administratrix by that court must be limited in scope and effect to her right and power of action therein and no further. She is still the administratrix insofar as this action is concerned.

Order affirmed.