ROSE E. FORBES *vs.* UNITED ELECTRIC RAILWAYS CO.

JANUARY 14, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. This action for negligence is brought by plaintiff to recover damages for injuries resulting from a collision between a trolley car and an automobile in which she was a passenger. A demurrer to the declaration was sustained in the Superior Court and exception to this ruling was duly taken by plaintiff. The case is in this court on her bill of exceptions.

The declaration alleges that on October 12, 1927, one of defendant's trolley cars came to a stop on Westminster street in Providence on the easterly side of Dorrance street; that plaintiff was a passenger in an automobile driven by one Sarah Ritch along Westminster street (a one way street) in a westerly direction on the left-hand side; as the automobile approached defendant's trolley car, it was driven to a point between the car and the southerly curbstone of Westminster street, at the left of the trolley car, and was then brought to a stop with other traffic; that defendant's motorman, knowing the position of the automobile, negligently failed to warn the driver thereof as to the direction in which the trolley car was going to proceed, and so negligently operated said car that it was allowed to start and proceed around the corner of Westminster and Dorrance street to the right, whereupon the rear of said car extended far beyond the ordinary width of an electric car and collided with the automobile in which plaintiff was sitting, in consequence of which plaintiff was thrown forward and injured; that neither plaintiff nor the operator of the automobile

knew which way the trolley car was to proceed; that it was the duty of defendant's motorman to operate the trolley car so that plaintiff, while in the exercise of due care, would not be injured.

At the intersection of Westminster and Dorrance streets, in the heart of the business district, it is well known that there is often a congestion of traffic caused by the movement of trolley cars and other vehicles. Westminster street is a narrow street, having one trolley track in the center, with just sufficient width to the curbstone on either side of the track to permit the passage of one automobile. When the trolley car was started ahead there were three directions in which it could proceed: either straight ahead on Westminster street, or by turning to the right, or to the left, into Dorrance street. Although it is not specifically so stated in the declaration, it is a fair assumption from the allegations that the stopping of traffic on Westminster street was by command of the traffic officer. It is common knowledge that in turning a corner the rear end of a trolley car projects farther from the track into the street than it does when the car is running on a straight line of track. As the path traversed by a trolley car is limited by the track on which it runs, travelers in the street are generally required to keep at a sufficient distance from a trolley car which is in motion and changing direction on a curve or at a street corner, to avoid the overhang of the car. *Garvey* v. *R. I. Co.*, 26 R. I. 80. This rule is reasonable as the pedestrian and the driver of an ordinary vehicle usually have the greater freedom of motion. But the rule is not absolute in all cases. Thus in *Gagnon* v. *R. I. Co.*, 40 R. I. 473, plaintiff, while walking on a sidewalk, was struck and injured by defendant's trolley car. The car came from behind the plaintiff and in making a turn at the street corner the rear of the car overlapped the sidewalk and knocked her down. A verdict for plaintiff was sustained. In the case at bar there was a concurrent and lawful use of the highway in the same locality by the automobile and the trolley car when the street traffic was stopped; the rights

of the two vehicles in this portion of the highway were then equal. In beginning to move again or to change direction after starting, the operators of both vehicles were bound to exercise reasonable care to avoid a collision. The motorman knew when he started his car that its overhang when it went onto the curve would cause a collision unless the position of the automobile was changed. If the automobile had been left unattended in the same position, the motorman would have been guilty of negligence if the rear of his car had collided with the automobile. So far as appears, he had no reason to assume that the automobile would be in a different position when he started and changed his direction of travel. He must have known that a collision would occur if the position of the automobile was not changed. The driver of the automobile was not bound as a matter of law to move it and make clear sufficient space for the overhang of the trolley car. Until she did move it, or until the motorman had reason to believe she had moved it, it was negligence for the motorman to proceed without giving any attention to the position of the automobile. The question raised by the pleadings was properly one for a jury.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for further proceedings.

*Rosenfeld & Hagan, C. Bird Keach*, for plaintiff.
*Clifford Whipple, Earl A. Sweeney*, for defendant.