## CHARLES P. ANDERSON, INC. v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 10, 1938.

No. 31,734.

*C. J. Menz* and *A. J. Donnelly,* for relator.
*Drill, Drill & Rensch,* for respondent.

[1]Reported in 280 N. W. 3.

LORING, JUSTICE.

This case comes here on a writ of *certiorari* to review a judgment of the municipal court of the city of St. Paul rendered on appeal from the conciliation court.

Plaintiff was the owner of an automobile which was damaged by one of the defendant's streetcars. The collision occurred at the intersection of Eighth and Ninth streets with Wabasha street in St. Paul. Eighth street and Ninth street converge at an acute angle easterly of Wabasha street. A single streetcar track of the defendant's used for westerly bound cars lies upon Ninth street somewhat closer to its northerly side than to its southerly side and turns to the northwest on Wabasha street at such close proximity to the corner of the sidewalk at that intersection that the streetcars overhang the corner when making the short turn from Ninth street onto Wabasha. Consequently the overhang at the rear and forward ends of the streetcar swings wide of the track as the car makes the turn. On April 17, 1937, at 3:20 p. m. the plaintiff's automobile was being driven westerly on the right-hand side of Eighth street as it approached Wabasha. Traffic at this intersection was at that time being controlled by a traffic officer, and as plaintiff's automobile approached the intersection traffic on Eighth and Ninth streets was being held at a stop to permit the passage of traffic on Wabasha. One of defendant's westerly bound streetcars was stopped on its Ninth street track close to Wabasha awaiting the signal of the traffic officer to make the turn onto Wabasha. An automobile was standing to its left and about three feet distant from the streetcar and near the front of the streetcar. The plaintiff's car was in the lane of traffic immediately behind this automobile and opposite to the rear half of the defendant's streetcar. When the traffic officer gave his signal for the traffic on Eighth and Ninth streets to proceed, the streetcar started to make the turn but the automobile in front of the plaintiff's car either stalled or for some other reason failed to proceed immediately. The plaintiff's car was blocked in its position and in consequence, as the streetcar made the turn, the overhang at the rear end swung into the plaintiff's car and damaged

it to the extent of $57.20. Neither the motorman nor the conductor of the defendant's streetcar knew of the presence of the plaintiff's automobile in proximity to the streetcar. The municipal court found that the defendant's crew in charge of the streetcar was guilty of negligence in failing to observe whether the turn could be made in safety to other vehicles and that the driver of the plaintiff's automobile was not guilty of contributory negligence. It ordered judgment against the defendant for $57.20, together with plaintiff's costs and disbursements.

The defendant, endeavoring to invoke a rule similar to that applied to railroads operating on their own right of way, takes the position that in the absence of knowledge on the part of the motorman or conductor of the presence of the plaintiff's car where it would be struck by the overhang it is not responsible, and cites certain Kentucky cases (cited in 62 A. L. R. 307) in support of its contention. It also cites the case of Anderson v. Minneapolis St. Ry. Co. 150 Minn. 509, 185 N. W. 661, where the plaintiff collided with the right side of a streetcar as it was making a turn to the right and in front of him. It was there held that the plaintiff was guilty of contributory negligence as a matter of law. It also cites the case of Mardorf v. Duluth-Superior Transit Co. 194 Minn. 537, 261 N. W. 177, which was a passenger case. The Kentucky cases cited by the defendant are contributory negligence cases. In Mittleman v. New York City Ry. Co. 56 Misc. 599, 107 N. Y. S. 108, where a streetcar had been stopped by a traffic officer and again started before the plaintiff, a pedestrian, had reached a place of safety and plaintiff was struck by the overhang, it was held that the starting of the car was negligence and that she had a right to assume that the car would not be started so as to strike her. See also Schwartz v. New Orleans & C. R. Co. 110 La. 534, 34 So. 667; Bryant v. Boston E. Ry. Co. 212 Mass. 62, 40 L.R.A. (N.S.) 133, 98 N. E. 587; Metropolitan R. Co. v. Blick, 22 App. D. C. 194; and Frank Bird T. Co. v. Krug, 30 Ind. App. 602, 65 N. E. 309.

In this state streetcars have no superior right over other traffic, and generally speaking it is the duty of those in charge of street-

cars to keep a lookout for persons and vehicles on the street and to exercise ordinary care to avoid injury to them. This is one of the busiest crossings in St. Paul, and the unusual situation in regard to the position of the defendant's single track on Ninth street and its short curve onto Wabasha make it peculiarly dangerous to vehicular traffic under circumstances such as are here presented. It is of course unusual for such traffic properly to be massed to the left of a streetcar at an intersection, but such being the case at this point we think that the trial court was justified in taking the view that ordinary care on the part of the crew of the streetcar required them to observe whether or not the ponderous streetcar could be swung around the corner without injury to traffic. Even had the car in advance of the plaintiff's car moved forward with the same speed that the streetcar moved, the driver of plaintiff's car might have had difficulty in avoiding a collision with the streetcar. Since in our opinion the court was justified in finding that the duty to observe the situation along the left side of the car was upon the crew of the streetcar, the defendant is then in the same situation as was the defendant in Forbes v. United Elec. Rys. Co. 49 R. I. 465, 467, 144 A. 154, 155, 62 A. L. R. 305, 307, where the court reversed an order of the trial court sustaining a demurrer to a complaint alleging a situation similar to that presented by the case at bar. The court there said:

"In the case at bar there was a concurrent and lawful use of the highway in the same locality by the automobile and the trolley car when the street traffic was stopped; the rights of the two vehicles in this portion of the highway were then equal. In beginning to move again or to change direction after starting, the operators of both vehicles were bound to exercise reasonable care to avoid a collision. The motorman knew when he started his car that its overhang when it went onto the curve would cause a collision unless the position of the automobile was changed. If the automobile had been left unattended in the same position, the motorman would have been guilty of negligence if the rear of his car had collided with the automobile. So far as appears, he had no reason to assume

that the automobile would be in a different position when he started and changed his direction of travel. He must have known that a collision would occur if the position of the automobile was not changed. The driver of the automobile was not bound as a matter of law to move it and make clear sufficient space for the overhang of the trolley car. Until she did move it, or until the motorman had reason to believe she had moved it, it was negligence for the motorman to proceed without giving any attention to the position of the automobile. The question raised by the pleadings was properly one for a jury."

In the case at bar it would have been a simple matter for the conductor of the streetcar to take an observation as to the position of the vehicular traffic and to control the movement of the streetcar by signals to the motorman. Even if the car had been a one-man streetcar, it would have been very easy for the company to equip the left sides of the cars on this particular line with mirrors such as it has on the right sides. Automobile trucks and buses are frequently so equipped. Had the injury to plaintiff's car been caused by the swinging overhang of a motor truck under the circumstances here presented, no one would doubt that the question of negligence on the part of the truck driver would be at least a question for the jury. We are convinced that the trial court was justified in its conclusions.

The judgment is affirmed.