## LITTLE ROCK RY. & ELECTRIC CO. v. BILLINGS.

(Circuit Court of Appeals, Eighth Circuit. October 25, 1909.)

### No. 3,017.

1. NEGLIGENCE (§ 88*)—CONTRIBUTORY NEGLIGENCE—EFFECT OF INTOXICATION.
   A person who has become intoxicated by his own voluntary act is chargeable with the result of his acts, deemed by the law to constitute contributory negligence, in the same degree and to the same extent as though he had been duly sober.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 119, 120; Dec. Dig. § 88.*]

2. STREET RAILROADS (§ 118*)—ACTION FOR INJURY TO PERSON ON TRACK—INSTRUCTIONS.
   In an action against a street railroad company for injury by being struck by a car while walking toward it on the track in an intoxicated condition, where plaintiff was clearly guilty of contributory negligence, an instruction which warranted the jury in assuming that his intoxication relieved him from the consequences of such negligence was erroneous, and prejudicial to defendant.

   [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 118.*]

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Action by F. N. Billings against the Little Rock Railway & Electric Company. Judgment for plaintiff, and defendant brings error. Reversed.

James P. Clarke (W. E. Hemingway, G. B. Rose, D. H. Cantrell, and J. F. Loughborough, on the brief), for plaintiff in error.

Frank Pace (Jeff Davis and T. M. Seawel, on the brief), for defendant in error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN and VAN DEVANTER, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This action was commenced by F. N. Billings, as plaintiff, against the Little Rock Railway & Electric Company, as defendant, to recover damages for personal injuries sustained. The facts material to a decision of the case, as gleaned from the record, are these:

Plaintiff was an electrical worker, engaged as a lineman in the employ of the Rock Island Railway Company in the state of Louisiana, earning in that capacity about $2.50 per day. He had come to the city of Little Rock, Ark., in company with his work foreman, to secure his pay from the railway company. After arriving there on November 23, 1907, he commenced drinking, and was intoxicated at the time he received his injury. About the hour of 1:30 o'clock in the morning of November 24, 1907, as he was walking along the track eastward on Markham street, in that city, he was struck by an electric car running westward on defendant's line, knocked down, and his left leg crushed in such manner as to require its amputation above the knee joint. At the time the collision occurred Markham street was being paved with brick. Red lights were placed by the company as a warning to travelers thereon of the unsafe condition of the street. The car was equipped with an electric headlight, burning brightly. There was no evidence that it was being run at an unusual or high rate of speed. The motorman could and did see the plaintiff approaching the car on Markham street about 200 feet from the car. He testified plaintiff came upon the track when about 100 feet from the car. At the time plaintiff had lost his hat and was bareheaded. The collision occurred some 30 or 40 feet east of the intersection of Markham and Sherman streets, in said city. Plaintiff received a verdict and judgment of $14,000. Defendant brings error.

From our consideration of the case we have deemed it necessary to discuss but one of the many assignments of error presented on brief and in argument; for, in the view we have taken of the one question thus presented, which goes to the very right of the case, other errors assigned become unimportant. The question thus presented is this: Did the trial court misdirect the jury, to the prejudice of defendant, in stating the rule of actionable negligence applicable to the facts of the case on the theory of the case adopted by all in the court below? The charge of negligence laid in the petition reads as follows:

"That plaintiff was run over by said car, and injured, by reason of the negligence of those in charge of said car, as follows: That plaintiff at the time was intoxicated and upon the tracks of the said railway company, insensible to the danger of his position; that he was discovered upon the track by those in charge of the car, and his dangerous position was apparent and known to them in time to have stopped the car and avoided injuring him, by the use of ordinary care; and that those in charge of said car failed to exercise such care, but negligently and recklessly ran over the plaintiff, injuring him as aforesaid."

The undisputed evidence shows plaintiff was intoxicated when the injury occurred to him. From the fact that he was an electrical worker employed by the Rock Island Railway Company as lineman, and from

all the other facts and circumstances in the case, it is undisputed this state of intoxication was brought by plaintiff on himself by his voluntary act. He was, therefore, chargeable with the result of his acts, deemed by the law to constitute contributory negligence, in the same degree and to the same extent as though he had been and remained duly sober. McKillop v. Duluth St. Ry. Co. (Minn.) 55 N. W. 739; Rollestone v. T. Cassirer & Co., 3 Ga. App. 161, 59 S. E. 442; Keeshan v. Elgin Traction Co., 229 Ill. 533, 82 N. E. 360; Railway v. Wilkerson, 46 Ark. 513.

While one who, from the excessive use of intoxicating liquors, brings on himself such a condition of permanent imbecility or idiocy as to thereafter render his acts done wholly involuntary, may be regarded in law with the same favor as he who by the operation of natural laws is born or becomes an idiot or a lunatic, yet men who voluntarily "put an enemy in their mouths to steal away their brains" must and will in law be held to the same high degree of care for their personal safety as though they had not voluntarily made themselves drunk. In other words, a man will not be permitted to plead and prove his own voluntary self-intoxication to his profit. Therefore, in so far as plaintiff alone is concerned, his conduct in coming and remaining on the track of defendant at the time, in the manner, and at the place he did must be viewed in the same light as though he had not intoxicated himself, but had remained duly sober; and his pleading and proof of voluntary intoxication in this case will not avail to excuse him in the doing of any act which would have constituted negligence on his part, had he remained sober.

Viewed in this light, the act of plaintiff in coming on the track of defendant in front of an approaching car, burning a bright electric headlight, the view of which was entirely unobstructed, and which he saw or could have seen, had he looked, and his remaining on the track, walking toward the car, until he was struck and injured, undeniably constitutes such gross contributory negligence on the part of plaintiff as will bar a recovery in this case, unless there is in the case ground for the application of the qualification of the rule of contributory negligence sometimes termed the doctrine of "last clear chance," as declared and applied in Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270, Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485, Washington & Georgetown Railroad Co. v. Harmon, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284, St. Louis, etc., Railway Co. v. Schumacher, 152 U. S. 77, 14 Sup. Ct. 479, 38 L. Ed. 361, Chunn v. City & Suburban Railway, 207 U. S. 302, 28 Sup. Ct. 63, 52 L. Ed. 219, Denver City Tramway Co. v. Cobb, 164 Fed. 41, 90 C. C. A. 459, Illinois Central Ry. Co. v. Ackerman, 144 Fed. 959, 76 C. C. A. 13, Gilbert v. Erie R. Co., 97 Fed. 747, 38 C. C. A. 408, Missouri Pacific Ry. Co. v. Moseley, 57 Fed. 921, 6 C. C. A. 641, and other cases.

As deduced from the foregoing authorities, and many others that might be cited, this qualification may be stated as follows: A., who by his own negligent act or conduct has placed himself in a position of imminent peril, of which he is either unconscious or from which he is unable to extricate himself if conscious, may not be carelessly,

recklessly, or wantonly injured by B., who, after he has discovered and knows the helpless and perilous condition of A., has it within his power to avoid doing him an injury by the exercise of reasonable care and diligence in the use of such instrumentalities as he can command; and the failure to exercise such reasonable care and diligence on the part of B., under such circumstances, will constitute actionable negligence, rendering him liable in damages to A., notwithstanding the prior negligent act of A. in placing himself in position to receive the injury.

From the extract above quoted from the petition of plaintiff, the claim made by plaintiff in this case is within the qualification to the doctrine of contributory negligence stated, if proper legal effect be given the conduct of plaintiff in becoming voluntarily intoxicated; and as there seems to be evidence to support the charge made, and as the case was tried in the court below on this theory, it remains to consider whether the court properly defined the doctrine of "last clear chance" as applicable to the facts of this case, and the legal effect of plaintiff's voluntary intoxication, as shown by its charge to the jury, or by its denial of requests made by defendant to charge. On this branch of the case the defendant requested the court to charge, as follows:

"(6) It is the duty of a person walking upon a street railway track to make vigilant use of his senses of sight and hearing, to see if a car is approaching dangerously near. If you find from the evidence that at the time of this accident plaintiff was walking upon the street car track, facing towards the car, it was his duty to use ordinary care to protect himself from injury; and if you find from the evidence that the injury was the proximate result of his failure either to look or listen, or to use other careful, prudent means of protecting himself from injury, then he was guilty of negligence which contributed to his injury, and cannot recover in this action, unless you further find from the evidence that the motorman, by the exercise of ordinary care, could have prevented the accident after he discovered the peril of the plaintiff and his insensibility of danger, yet failed to do so.

"(7) You are instructed that the motorman operating the car had the right to presume that the plaintiff was in the full possession of his senses, and would appreciate his danger in walking down the track, and would act with discretion, and that he had the right to operate his car with that presumption in his mind, and to go on with the car until such time as he discovered that the plaintiff was not in the possession of his senses and did not appreciate his danger, or understand how to protect and guard himself from injury, when it would then become his duty to stop the car and avoid the accident, if possible.

"(8) The fact that the plaintiff was drunk, if you find from the evidence that he was drunk, did not relieve him from his duty to exercise ordinary care and prudence for his own safety. Drunkenness will never excuse one for failure to exercise the measure of care and prudence which is due from a sober man under the circumstances. Men must be content to enjoy the pleasures of intoxication with the perils attending it. When they make themselves drunk, and in that condition wander upon a railroad track and sustain an injury, they will not be heard to plead their intoxication as an answer to a charge of negligence, or as a reason why the railroad company should be held responsible to them for damages; but, on the other hand, if the motorman operating the car discovered that the plaintiff was drunk and insensible of his danger, or unaware of what he was doing, in time to have stopped the car and avoided the accident, and failed to do so, then the defendant would be liable."

The requests so made were denied, and the court, among other things, charged as follows:

But, on the other hand, if you believe that this motorman, as the agent of the defendant, did not exercise ordinary diligence, such as a reasonable man

under like circumstances would have exercised, could have seen that this man's condition was such that he did not know how to get off, or would not know the danger he was in, and that he was, in fact, helpless, and for that reason he would not get off, and that he could have ascertained and did ascertain that fact in time to have stopped his car, and thus prevented the injury, but failed to do so, then the defendant is guilty of negligence, and the plaintiff is entitled to a verdict at your hands."

"Then it becomes the duty of the man in charge of the car to give signals or warnings to the person in order that he may leave the track, and if, after such signals are given, the party still fails to leave the track, so that a person of ordinary intelligence and exercising ordinary and reasonable diligence could see that there must be something the matter with the party, then it is the duty of the person in charge to stop that car, or else use whatever means are in his power for the purpose of stopping it; and if he fails to do so, but recklessly and carelessly goes on with the car, only trying to stop it when it is too late to prevent the accident, then the defendant company is liable for the injuries caused by reason of such accident."

"This witness, who was the motorman in charge of the car, seems to have been somewhat mixed up. He said he could stop it and did stop it within 10 feet, and then afterwards said, first he put the brakes on within 10 feet of the man, just when he came back in front of the track and walked into the car, and after the car had struck the man it still ran on 10 feet more, and so the wheel went over his leg and injured him."

"Now, this instruction as to drunkenness is hardly applicable. The mere fact that a man is drunk would be no excuse for him not to keep out of danger; but if the man's condition is such, whether it is caused by drunkenness or otherwise, that he is absolutely helpless, that he can't tell right from wrong, can't tell the danger when it confronts him, then the law is otherwise."

The requests made contain clear, concise, and accurate statements of the law applicable to the facts of the case, which either should have been given, or the court should have clearly, distinctly, and accurately charged the jury the voluntary act of plaintiff in becoming intoxicated and going upon the track of defendant, and there remaining under the circumstances shown by the evidence, constituted such negligence on his part as precluded all recovery for damages sustained by him, unless the case, viewed solely and alone from the standpoint of the negligent and reckless conduct of the motorman in charge of the car, after the perilous position of plaintiff was known to him, would permit plaintiff to recover, notwithstanding his own negligent conduct had placed him in such position of peril, and under such negligent circumstances as precluded him from extricating himself. From the charge given the jury may well have thought, and doubtless did think, the fact that plaintiff was, as admitted, highly intoxicated, excused or relieved him from the consequence of his negligent acts; that the motorman should have exercised care and diligence to ascertain whether plaintiff, when first seen on the track, was in such a state of intoxication that he would fail to use his sense of sight and hearing to warn him of the approach of danger and his power of locomotion to avoid it.

On the contrary, when the motorman discovered plaintiff approaching on the track, he had the right to assume he would use his sense of sight and see the on-coming car with its bright electric headlight, the view of which was entirely unobstructed, and on seeing it would exercise such care and prudence for his safety as is usually employed by reasonable men, and step from the track in time to avoid a collision; and not until it became "apparent and known" to the motorman that

plaintiff would not so act as a prudent man, was it incumbent upon him to exercise reasonable care and diligence, by the use of such instrumentalities as were at his command, to stop the car. While all the facts and circumstances immediately attending the accident, including the appearance plaintiff presented, his manner of walking, etc., were proper evidential facts for the consideration of the jury in arriving at a determination of the issue presented, yet the jury were not warranted in assuming, from the mere fact that plaintiff presented the appearance of drinking, he had reached such state of intoxication as to be insensible to all danger or his duty to protect himself, nor was the motorman bound to so assume. It is neither axiomatic nor knowledge common to all that men when drinking are utterly reckless of their safety or insensible to their duty to protect themselves. No reward of merit accompanies the act of voluntary intoxication. As said by Mr. Beach in his work on Contributory Negligence (2d Ed.) 391:

"Men must be content, especially when they are trespassers, to enjoy the pleasure of intoxication cum periculis."

It follows, for the error thus committed, the judgment must be reversed, and the case remanded for a new trial. It is so ordered.