4-6688                                       164 S. W. 2d 893

Opinion delivered October 5, 1942.

*O. C. Burnside* and *J. R. Wilson,* for appellant.

*Maurice L. Reinberger* and *E. D. Dupree, Jr.,* for appellee.

GREENHAW, J. Appellant sued Silbernagel & Company, a partnership, and a number of their truck drivers for damages for a personal injury he received from an alleged collision near Jenny in Chicot county on U. S. highway 65 shortly after dark on Monday, June 26, 1939.

The complaint alleged that appellant was driving his truck south on said highway at a reasonable rate of speed, with due care and caution for his own safety, when he met a truck of Silbernagel & Company going north on said highway, and driven by their agent and employee in the prosecution of their business. It further alleged that the Silbernagel truck was being operated in a negligent and reckless manner at an excessive rate of speed, taking most of the paved surface of the

highway, and forced appellant to drive on the shoulder of the highway in an effort to avoid a collision, striking the left side of his truck and resulting in a serious injury to his left arm which necessitated its amputation about two inches above the elbow.

Silbernagel & Company answered, denying all material allegations of the complaint, and specifically stating that no truck belonging to them and operated for their benefit or on any of their business was in the vicinity of the place where appellant claims he was injured; that all of their trucks were through with their business for the day and none of the defendants were performing any business for them. They later filed an amendment to their answer, stating that appellant at the time of the alleged collision was in such an intoxicated condition that he did not know or could not know whose truck struck him and was not in such condition that he could exercise ordinary care for his own safety, and pleaded appellant's contributory negligence.

At the conclusion of the testimony on behalf of appellant, a nonsuit was taken as to all defendants except Silbernagel & Company and Sylvester Brown, their driver, who appellant contends was driving the truck involved in the collision, and the trial proceeded against them only. Several witnesses testified and the issues were submitted to a jury resulting in a verdict in favor of appellees, upon which judgment was entered and from which is this appeal.

In his motion for a new trial appellant assigns numerous errors, a part of which he waived in his brief on appeal. We have carefully considered all the assignments of error upon which appellant relies for a reversal of this case, and are unable to agree that any of them constitute reversible error.

There was substantial evidence introduced on behalf of both appellant and appellees. We think the instructions given to the jury fairly presented their respective theories of the case, and that no reversible error was committed either in the admission or rejection of testimony or in the giving or refusing of instructions. It is

a well established rule that this court will not pass on the weight of testimony, that being within the exclusive province of the jury, whose verdict should be upheld when it is based upon substantial evidence. *Lewis* v. *Shackleford*, 203 Ark. 500, 157 S. W. 2d 509.

The evidence showed that no one was with appellant at the time of the collision. He testified that the lights of the truck which struck him were not dimmed as it approached him, and that in order to avoid the collision he drove over on the shoulder of the highway as far as he could without going into a deep ditch, and that the truck which struck him was over on his side of the highway, although it had ample room to pass him on its side of the highway; that the rear view mirror and the door handle were knocked off of his truck, the door dented and about half of the left rear fender knocked off; that after the collision the truck proceeded up the highway a short distance and stopped, the driver opening the door, looking back and then immediately closing the door of the truck and proceeding on his way without offering any assistance or making known his identity. He could see that the driver of the truck was a negro. He testified that he saw the name of Silbernagel on the truck, and knew the kind of trucks Silbernagel & Company operated, as he had seen them frequently. After the accident he drove his truck into the town of Jenny, a short distance from the scene of the collision. He further testified that he was sober at the time of the collision.

The evidence showed that Silbernagel & Company was engaged in the wholesale grocery business and also in the beer business and operated trucks with trailers in connection with their grocery business, but that the trucks which handled beer did not have trailers attached. Sylvester Brown, when driving the truck, used one with a trailer, delivering groceries. It is not contended that a beer truck was involved in this collision, but that the truck was one with a trailer, used in the delivery of groceries, and driven by Sylvester Brown.

Evidence was given on behalf of appellant by other witnesses to the effect that a truck and trailer of Sil-

bernagel & Company used for delivering groceries was seen by them that evening near the scene of the alleged collision on U. S. highway 65, proceeding north in the direction of the place where the collision occurred, and some of them identified the driver thereof as Sylvester Brown. One witness, Willie Stewart, testified that he saw Sylvester Brown on this occasion driving the truck of Silbernagel & Company and talked with him.

On the other hand, considerable evidence was introduced on behalf of appellees that no truck of Silbernagel & Company was operated on U. S. highway 65 at or near the scene of the alleged collision at any time on Monday, June 26, 1939, the date of the collision, except a beer truck, and that all Silbernagel & Company's trucks were in their garage by 5 p. m. on that date, and left there for the night and locked up, although it was further in evidence that all the drivers had keys to the garage.

Sylvester Brown, who appellant contends was the driver of the truck that struck him, testified that he did not work for Silbernagel & Company on Monday, June 26, 1939, and did not drive one of their trucks at any time on that date. His testimony was corroborated by other witnesses, and the payroll record showed he was not paid anything for that day, but worked the remainder of the week, and showed the number of hours he worked each day. Brown testified that not only did he not drive the truck involved in the collision with appellant, but that he was not present, knew nothing about the collision, and further that he did not have a conversation with Stewart on that date.

Evidence was also given that appellant was not intoxicated when he arrived at Jenny shortly after the collision. A young woman, a waitress in a cafe at Lake Village, testified that appellant drank two bottles of beer around noon in the cafe. She was with him most of the afternoon, and when she last saw him, about 6:30 p. m., he was leaving in his truck for home and appeared to be sober. He had drunk nothing while in her company since noon.

A number of witnesses, some of them being officers, testified that appellant was intoxicated in Lake Village and Eudora on the afternoon preceding the collision, the time of his intoxication being placed by some as late in the afternoon. Calmes Merritt, former sheriff and collector of Chicot county for 22 years, testified that he saw appellant at Lake Village between 6 and 7 p. m. on this date, and that he was "pretty drunk." Appellant testified that the collision occurred about 8 p. m.

Appellant contends that it was reversible error for the court to submit to the jury the question of contributory negligence, since appellees contended that neither Silbernagel & Company's truck nor Sylvester Brown was involved in this collision, and that in view of this contention a plea of contributory negligence was inconsistent. He further urges that no one testified that he was intoxicated at the time the collision occurred; that there was no evidence of contributory negligence which warranted the submission of this question to the jury, and that the court erred in admitting evidence of the intoxication of appellant, and in instructing the jury that if they found from the evidence that appellant at the time of the collision was driving his truck upon the highway in an intoxicated condition they could consider that as a circumstance in determining whether appellant was guilty of contributory negligence.

While it is true no one testified that appellant was intoxicated at the exact time the collision occurred, there was ample testimony to support a finding that he was intoxicated a short time before the collision. The former sheriff of Chicot county and others testified they saw him in an intoxicated condition shortly before dark on the date of the collision. According to the testimony, the period intervening between the time the last witnesses saw appellant and the time of the collision was short, and we do not think the court erred in submitting the question of intoxication to the jury for their consideration in connection with other facts in evidence, in determining whether appellant was guilty of contributory negligence.

The court did not tell the jury that if they found that appellant was intoxicated at the time of the collision he

would be guilty of contributory negligence, nor that it was evidence of contributory negligence, but instructed them that if they found from a preponderance of the evidence that appellant was driving his truck while under the influence of intoxicating liquors and such intoxication, if any, caused or contributed to appellant's injury, he could not recover.

This was a correct declaration of law. This court has held that the fact that a person was intoxicated at the time he was injured does not of itself show such contributory negligence as will defeat his recovery for such injury, but it is a circumstance which may be considered in determining whether or not his intoxication contributed to his injury. *American Bauxite Co.* v. *Dunn,* 120 Ark. 1, 178 S. W. 934, Ann. Cas. 1917C, 625.

It appears that Sylvester Brown was never served with summons, nor was an answer filed for him, although he appeared and testified. Appellant now contends that, although Brown was named as a defendant in the complaint, it was reversible error for the court to instruct the jury regarding his liability. Brown was treated by all parties throughout the trial as a party defendant. Instructions were offered concerning him without objection from either party on this ground, and appellant cannot now complain of this alleged error.

Finding no reversible error, the judgment is affirmed.