Benjamin JAMES and Hazel M. James,
Plaintiffs,

v.

SOUTH CENTRAL STAGES, Inc., and
Harry B. Smith, Defendants.

Civ. A. No. 415.

United States District Court
W. D. Arkansas,
Harrison Division.

April 1, 1958.

Thomas B. Tinnon, Mountain Home, Ark., for plaintiffs.

Crouch, Jones & Blair, Springdale, Ark., Fitton & Adams, Harrison, Ark., for defendants.

JOHN E. MILLER, District Judge.

### Statement

On March 10, 1958, this case was tried to the Court without a jury. Prior to the trial of the case, the plaintiff, Benjamin James, by permission of the Court was permitted to take a nonsuit, and the complaint was dismissed as to said plaintiff. The case proceeded to trial upon the claim of the plaintiff, Hazel M. James, and at the conclusion of the trial the Court took the case under advisement pending receipt of briefs from the parties in support of their contentions.

The briefs of the parties have been received, and the Court, after considering the pleadings, evidence, and briefs of the parties, now makes and files herein its Findings of Fact and Conclusions of Law, separately stated.

### Findings of Fact

#### 1.

The plaintiff, Hazel M. James, is a citizen of Arkansas and resides in Baxter County, Arkansas. The defendant, South Central Stages, Inc., is a Missouri corporation, and the defendant, Harry B. Smith, is a citizen and resident of the State of Missouri. The matter in controversy, exclusive of interest and costs, exceeds the sum of $3,000.

#### 2.

At the time of the collision involved in this action the defendant, South Central Stages, Inc., was engaged in the business of operating a bus service as a common carrier between Springfield, Missouri, and Mountain Home, Arkansas, and intermediate points.

#### 3.

The collision involved in this litigation occurred at approximately 11:30 a. m. on July 5, 1956, near the village of Three Brothers in Baxter County, Arkansas. At that time and place the plaintiff, Hazel M. James, was driving her automobile in a generally southerly direction on Highway 5. She was making a trip to the Turnbo Store which is located on the east side of Highway 5. It was plaintiff's intention to drive her vehicle slightly past the front of the store and make a U-turn to the left or east and drive in front of the store with her automobile heading back in a northerly direction.

The plaintiff was driving on the highway at a speed of 20 to 25 miles per hour. When she was about 100 yards from the store she looked in her rear-view mirror, and saw no traffic approaching from the rear. She continued down the highway, and when she reached a point approximately even with the Turnbo Store, she drove her automobile to the right onto the west shoulder of the highway and came to a momentary stop. She then turned her automobile across the highway toward the east in proceeding to the Turnbo Store, and when her automobile reached a point in the west lane of the

highway, said automobile being headed in a west-east direction facing east, a bus owned by the defendant, South Central Stages, Inc., and being driven by the defendant, Harry B. Smith, struck the left side of plaintiff's automobile at a point directly behind the left door of the automobile (it was a 2-door automobile).

At the time plaintiff made her turn across the highway she did not give a signal of her intention to turn, and she did not see the defendant's bus until immediately before the collision.

### 4.

The defendant, Harry B. Smith, was driving the bus in a southerly direction on Highway 5. When he was about 400 yards north of the store, he noticed plaintiff's automobile which at that time was about 75 to 100 yards from the store and was proceeding in a southerly direction. He had been driving at a speed of approximately 40 to 45 miles per hour, but as he approached the store he slowed his speed to about 35 miles per hour to enable him to observe the Turnbo Store to ascertain whether a flag was out indicating that passengers wished to board the bus at the store.

In the meantime, plaintiff had pulled her automobile onto the right or west shoulder of the highway and had momentarily stopped, and defendant, seeing no flag at the store and not expecting plaintiff to drive her automobile back on the highway, continued down the highway. When the bus reached a point near plaintiff's automobile, the automobile was suddenly driven across the highway in the path of the bus, and the bus driver, Harry B. Smith, was unable to avoid the collision. He did attempt to pull the bus to the right or west but could not do so in time to avoid colliding with plaintiff's automobile.

The impact occurred in the west lane of traffic and was between the front of the bus and the left side of plaintiff's automobile. After the impact the bus traveled about 20 feet and stopped on the west shoulder. The rear end of plaintiff's automobile was pushed about six feet to the south.

There was a feed store on the west side of the highway in the vicinity of the place where plaintiff's automobile was stopped, and it was customary for vehicles to be parked on that side of the highway. Defendant, Harry B. Smith, did not think it unusual for plaintiff's automobile to be stopped on the west side of the highway at that point, and had no reason to anticipate that she was intending to drive across the highway.

### 5.

The plaintiff is 63 years of age. As a result of the collision she sustained certain personal injuries, medical expenses, and other damages.

### Discussion

■■ In the case of Kisor v. Tulsa Rendering Co., D.C.W.D.Ark., 113 F. Supp. 10, this Court set out the general rules governing automobile accidents, citing the pertinent Arkansas decisions. For present purposes, suffice it to say that the substantive law of Arkansas governs; that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that she received injuries which were proximately caused by negligence on the part of the defendant, Harry B. Smith, and the burden of proof is on the defendants to prove that the plaintiff was guilty of contributory negligence or negligence which was the sole proximate cause of the collision.

■ Both the plaintiff, Hazel M. James, and the defendant, Harry B. Smith, had a duty to keep a lookout for other vehicles upon the highway and to keep their vehicles under such control as to be able to check the speed or stop them, if necessary, to avoid injury to others if and when danger was apparent. It was also the duty of both parties to drive their vehicles at a reasonable rate of speed under the conditions then existing.

■ The plaintiff contends that the defendant, Harry B. Smith, was driving at an excessive rate of speed under the

circumstances, was not keeping a proper lookout, and did not have his vehicle under proper control. The evidence, however, does not support plaintiff's contentions. Smith was driving his vehicle at a speed of approximately 35 miles per hour on a through highway. Certainly this was not an unreasonable speed at which to travel on such a highway.

█ It is true that Smith admits that he had been looking to see whether the flag was out on the Turnbo Store, but he also testified that at the same time he was keeping a lookout for traffic upon the highway. He had already ascertained that the flag was not out, and he was proceeding down the highway before plaintiff's vehicle was driven across the highway in his path. As an additional indication of the fact that Smith was keeping a lookout, it should be remembered that when plaintiff's car was turned in front of him, he veered his vehicle to the right in an attempt to avoid the collision. All these factors taken together convince the Court that Smith was keeping a proper lookout.

█ The Court is also of the opinion that Smith had his vehicle under reasonable control. He was driving it at a reasonable rate of speed on a through highway, and had no reason whatsoever to anticipate that the plaintiff would drive her car directly into his path. In the absence of something to put him on notice, he had a right to assume that plaintiff would obey the traffic laws of the State of Arkansas, and would not turn across the highway without giving any signal and without keeping a proper lookout. See, Seyfer v. Gateway Baking Co., D.C.W.D.Ark., 159 F.Supp. 167; Kendrick v. Rankin, 219 Ark. 736, 244 S.W.2d 495; Rexer v. Carter, 208 Ark. 342, 186 S.W.2d 147; Kirby v. Swift & Co., 199 Ark. 442, 134 S.W.2d 865.

█ As heretofore stated, when the plaintiff turned directly in front of Smith's vehicle, he attempted to avoid the collision by swerving to the right, but was unable to do so. In this connection, when a person is suddenly confronted with an emergency, not created by his own negligence, he is not held to the same accuracy of judgment as would be required of him under ordinary circumstances, and if he acts as a person of ordinary prudence would act under the circumstances then existing, he is not guilty of negligence. Kisor v. Tulsa Rendering Co., supra.

The plaintiff, on the other hand, was clearly guilty of negligence. According to the testimony of two apparently impartial witnesses, as well as the testimony of the defendant, Harry B. Smith, plaintiff came to a momentary stop upon the right shoulder of the highway, and then suddenly turned across the highway directly in the path of Smith without giving any signal and without keeping a proper or effective lookout for other vehicles upon the highway.

It is true that plaintiff testified she did not drive onto the right shoulder of the highway, but that testimony is contradicted by the testimony of other witnesses and by the physical facts. The impact occurred in the right or west lane of traffic between the front of defendant's bus and the *left side* of plaintiff's car, and the impact could not have occurred in that manner if plaintiff had been driving in the right or west lane of traffic and merely made a left turn across the highway.

The physical facts also demonstrate that the defendant, Harry B. Smith, was not driving at an excessive rate of speed since the bus only moved approximately 20 feet after the impact.

██ A consideration of all the evidence convinces the Court that the plaintiff was guilty of negligence which was the sole proximate cause of the collision. This being true, the Arkansas comparative negligence statute, Ark.Stats., Secs. 27–1742.1, 27–1742.2[1] (in effect at the time of this accident), does not come into play. Keene v. George Enterprises, Inc., D.C.W.D.Ark., 145 F.Supp. 641, 645.

1. Now Ark.Stats. §§ 27–1730.1, 27–1730.2.

Therefore, a judgment should be entered dismissing the complaint of the plaintiff with prejudice.

Conclusions of Law

1.

The Court has jurisdiction of the parties and the subject matter herein.

2.

The defendants, South Central Stages, Inc., and Harry B. Smith, were not guilty of any negligence, either direct or imputed. The plaintiff, Hazel M. James, was guilty of negligence which was the sole proximate cause of the collision and resulting injuries and damages.

3.

The plaintiff is entitled to recover nothing of and from the defendants, and plaintiff's complaint should be dismissed with prejudice.

A judgment in accordance with the above should be entered.