## V.ERNON HOGUE *v.* ALSTON JENNINGS

5-5961                                      481 S.W. 2d 752

Opinion delivered July 3, 1972

*Rasmussen & Hogue,* for appellant.

*Gus B. Walton Jr.,* for appellee.

FRANK HOLT, Justice. The appellee brought this action against the appellant to recover the balance allegedly due for legal services. The trial court, sitting as a jury, found that the appellant owed the appellee for costs expended in the sum of $1,079.84; that the legal fee of $1,100, $600 of which had been paid, was a reasonable fee for the legal services performed and that a balance of $1,579.84 is owed to appellee. From a judgment on that finding comes this appeal.

Appellant first contends for reversal that the court erred in finding that an account stated ever came into existence. We find no merit in this contention. The factual issues were presented to the court by stipulations. It appears that the legal services were orally agreed upon in 1963 and were concluded in August, 1966. The present action was filed in April, 1970, predicated upon an open account. The appellant responded and interposed the plea that the claim was barred by the 3-year Statute of Limitations. Ark. Stat. Ann. § 37-206 (Repl. 1962). *Parker v. Carter*, 91 Ark. 162, 120 S.W. 836 (1909). In May, 1971, appellee amended his complaint alleging an account stated based upon his mailing to appellant statements concerning the balance owed on the account. These statements of account were dated October, 1967, and January, 1969, respectively. It is undisputed that appellant received these statements and, according the appellee, the appellant orally acknowledged the indebtedness and promised to pay the account as stated.

In *Allen-West Commission Company* v. *Hudgins*, 74 Ark. 468, 86 S.W. 289 (1905), we said:

> "An account stated 'is an agreement between two parties who have had previous transactions of a monetary character that all the items of the account representing such transactions are true, and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance.' "

In a more recent case, *Boatner v. Gates Bros. Lumber Co.*, 224 Ark. 494, 275 S.W. 2d 627, (1955), the debtor received monthly statements about his consolidated account with the amount or balance reflected upon each statement. There we said:

> "Boatner admitted the correctness of the account and promised payment. This proof discloses a typical example of an account stated and amply supports the trial court's finding that such an account existed."

Likewise, in the case at bar, we hold that an account stated existed. From the stipulations it appears there is

undisputed evidence that the appellant received a statement of the balance of the account in October, 1967, and January, 1969. The appellant admits receipt of these two statements and does not deny that he called the appellee by telephone and indicated that he acknowledged and owed the amount of the statement and promised he would pay it. Certainly there is substantial evidence to support the finding that appellee is entitled to recover from appellant the balance allegedly due on the account as stated. Neither can we agree with appellant's contention that the court erred in permitting the appellee to amend his complaint to allege an account stated. It appears that appellant admits in his brief that the amendment of the complaint (May, 1971) does "relate back" in point of time to the original complaint (April, 1970). Therefore, if permitted, "the three-year statute of limitations would begin to run" on the account stated "no earlier" than October, 1967, as found by the trial court. The thrust of appellant's argument is that the appellee never requested and secured leave of the court to amend his complaint and the court abused its discretion by acquiescing in this procedure. We note that the amended complaint was filed about a week after a pre-trial conference, at which time an account stated was discussed, and about ten days before the parties filed their respective stipulations with the trial court. It is well settled law that the trial court is accorded broad discretion in permitting amendments to pleadings, and on appeal we will not disturb the trial court's discretionary authority unless it is clearly abused. *Moore* v. *Moore*, 241 Ark. 675, 409 S.W. 2d 830 (1966).

In the circumstances of the case at bar, we are of the view that the trial court did not abuse its discretion by permitting the amendment to the complaint.

Affirmed.

BYRD, J., not participating.