Lindy McLeod INDERRIEDEN, Executrix of the Estate of Louise Carter McLeod, Deceased *v.* Ralph W. PHILLIPS, Jr., et al.

87-243                                          741 S.W.2d 255

Supreme Court of Arkansas
Opinion delivered December 21, 1987

*Denver L. Thornton* and *David E. Smith*, for appellant.

*Laser, Sharp & Mayes, P.A.*, for appellee.

DARRELL HICKMAN, Justice. This is a personal injury case. The jury found that the appellee, Ralph W. Phillips, Jr., was not liable for the injuries suffered by Louise McLeod as a result of an accident on December 20, 1984. Mrs. McLeod later died from other causes.

Three arguments are made on appeal: (1) the court erred in giving an instruction on intoxication; (2) the verdict was not supported by substantial evidence; and (3) the court erred in directing a verdict for Diane Phillips and Plaza Towers Package Store, which she and her husband Ralph own. The contentions are meritless; the case was essentially a factual dispute which the jury decided against the appellant.

The accident occurred about dark on the evening of December 20, 1984, near Plaza Towers, an apartment on West Markham Street in Little Rock. Ralph Phillips, who operates the Plaza Towers Liquor Store with his wife, was leaving to buy supper. He backed out of his parking space in front of the store and ran over the appellant who was walking in the parking lot. She was apparently returning to her apartment from the bank across the parking lot. Mr. Phillips said he looked behind him but saw no one. Mrs. McLeod, who testified by deposition, said he simply backed into her. She said:

> Well, I was walking where everybody walked out there, kind of the street, and I was going to the side door to go in to go up to my apartment. And when I got even with Ron's truck, just as I got behind it, he backed out and hit me.

There was evidence that Mrs. McLeod was intoxicated. Mrs. Janet Wilson, a nurse who arrived immediately after Mrs. McLeod was injured, said Mrs. McLeod had been drinking and was drunk. The police officer who investigated the accident said he smelled alcohol on Mrs. McLeod's breath. There was also evidence that Mrs. McLeod was treated for withdrawal from alcohol when she was hospitalized.

Mrs. McLeod offered evidence that she was not an alcoholic, and she denied having anything to drink that day. But it was for the jury to resolve that issue and to decide if indeed alcohol was a contributing cause or the cause of the accident. The court was not wrong to instruct the jury on intoxication since it could consider intoxication in arriving at a decision.

The same answer applies to the second argument. It was purely a fact question.

Since the jury found Mr. Phillips not liable, the third argument is moot.

Affirmed.

GLAZE, J., not participating.