Russell Gene JERNIGAN *v.* Hubert Lynn CASH and
James H. Wilson

89-29 767 S.W.2d 517

Supreme Court of Arkansas
Opinion delivered April 10, 1989

348

*Dale Lipsmeyer*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Walter A. Kendel, Jr.*, for appellee Hubert Lynn Cash.

*Lizabeth Lookadoo*, for appellee James H. Wilson.

JACK HOLT, JR., Chief Justice. Appellee Hubert Lynn Cash filed suit against appellant Russell Gene Jernigan alleging that Jernigan damaged Cash's automobile by negligently driving his own automobile into Cash's. Jernigan denied this allegation and moved to join appellee James H. Wilson, whose vehicle was also damaged in the incident, as a plaintiff pursuant to Ark. R. Civ. P. 19(a). The trial court granted his motion. After trial without jury, the trial court found that Jernigan was negligent and entered judgment for Cash in the amount of $7,500.00 and for Wilson in the amount of $1,143.16. From this order, Jernigan appeals. We find that the trial court erred in allowing an amendment to Cash's complaint and reverse and remand.

On June 7, 1986, Jernigan and a friend, Hayden Booth, went to the "Party Tyme" bar in Morgan, Arkansas. Jernigan had several drinks and then started playing pool. A stranger, hereinafter referred to as John Doe, approached Jernigan and began

harassing him. John Doe was asked to leave "Party Tyme" but returned a short time later and renewed the harassment. Eventually, both Jernigan and Booth were asked to leave "Party Tyme" because they were arguing loudly. While Jernigan and Booth were sitting in Jernigan's car with the motor running in a parking lot adjacent to "Party Tyme," Jernigan was approached by John Doe, who began to hit him through the open window. John Doe then told Jernigan to get out of the car; Jernigan refused. Thereafter, John Doe informed Jernigan that if he would not get out of the car, he would shoot him. According to Jernigan, Doe drew a gun from his waist. Booth testified that he heard the threat but did not see a gun. Jernigan put his vehicle in gear, backed up, and drove off in an erratic manner, running into several vehicles, two of which were owned by appellees. Jernigan exited his car immediately and ran from the scene.

Jernigan first contends that there was no substantial evidence for the trial court to find him negligent in that he acted reasonably in an emergency situation.

When a case is tried by a circuit court sitting without a jury, our inquiry on appeal is not whether there is substantial evidence to support the factual findings of the court, but whether the findings are clearly erroneous (clearly against the preponderance of the evidence). *Bassett* v. *Hobart Corp.*, 292 Ark. 592, 732 S.W.2d 133 (1987). *See also Superior Improvement Co.* v. *Mastic Corp.*, 270 Ark. 471, 604 S.W.2d 950 (1980). In reviewing a finding of fact by a trial court, we consider the evidence and all reasonable inferences therefrom in a light most favorable to the appellee. *McCartney* v. *McLaughlin*, 296 Ark. 344, 756 S.W.2d 907 (1988).

The test for negligence is whether the defendant, in light of all the circumstances, acted as a person of ordinary prudence would have acted under the same or similar circumstances. *Earnest* v. *Joe Works Chevrolet, Inc.*, 295 Ark. 90, 746 S.W.2d 554 (1988). *Verson Allsteel Press Co.* v. *Garner*, 261 Ark. 133, 547 S.W.2d 411 (1977).

When a person is confronted with a sudden emergency created by the conduct of another, his course of conduct must be measured by what a man of ordinary prudence would do in an emergency, rather than what he might do on more mature

deliberation. *James* v. *South Central Stages, Inc.*, 160 F. Supp. 288 (W.D. Ark. 1958); *Keene* v. *George Enterprises*, 145 F. Supp. 641 (W.D. Ark. 1956). *See Lambert* v. *Saunders*, 205 Ark. 717, 170 S.W.2d 375 (1943); *Missouri Pacific Transportation Co.* v. *Mitchell*, 199 Ark. 1045, 137 S.W.2d 242 (1940). *See also Restatement (Second) of Torts* § 296 (1965). The existence of an emergency does not automatically absolve one from liability for his conduct; the standard still remains that of a reasonable man under the circumstance. *Ferrer* v. *Harris*, 55 N.Y.2d 285, 434 N.E.2d 231, 449 N.Y.S.2d 162 (1982).

■■ The fact that a person was voluntarily intoxicated at the time of the occurrence can be considered by the trier of fact in determining whether he was negligent. *See Mills* v. *Silbernagel & Co.*, 204 Ark. 734, 164 S.W. 2d 893 (1942); *Powell* v. *Berry*, 145 Ga. 696, 89 S.E. 753 (1916). *See also Inderrieden* v. *Phillips*, 294 Ark. 156, 741 S.W. 255 (1987). Ordinary care is measured by what a prudent sober man, not a prudent intoxicated man, would do under like circumstances. *Little Rock Ry. & Elec. Co.* v. *Billings*, 173 F. 903 (8th Cir. 1909); *Powell, supra.*

When viewed in a light most favorable to appellees, the evidence shows that Jernigan drank several bourbon and Cokes before the accident; he was threatened by John Doe; John Doe did not employ a gun; and in response to these threats, Jernigan took a path of retreat that caused extensive damage to appellees' vehicles. After considering this evidence, the trial court determined that Jernigan was negligent in that a reasonable person would not have created a "demolition derby" in response to the circumstances with which Jernigan was confronted.

■ We cannot say that the trial court's finding that Jernigan was negligent is clearly erroneous. Whether Jernigan acted reasonably under the circumstances is a matter for the trier of fact to determine. *See Jones* v. *Ferguson*, 243 Ark. 698, 421 S.W.2d 607 (1967). *See also Elk Corp. of Arkansas* v. *Jackson*, 291 Ark. 448, 725 S.W.2d 829 (1987). Simply stated, we decline to substitute our judgment for that of the trial court.

Jernigan also argues that the trial court erred in allowing an amendment to appellee Cash's complaint after he had rested his case.

In his complaint, Cash asked for $4,314.04 (cost of repair) in damages to his new 1986 Honda Accord. Testimony was introduced at trial that he paid $13,500.00 for the car; repair costs were $4,314.04; the car was worth five or six thousand dollars after the accident; and the car still has air leaks, and its doors rattle and will not shut. At the close of trial, the following exchange took place:

The Court: I'm awarding Mr. Wilson $1,143.16 and Mr. Cash $7,500.00. I know what Hondas are worth. I drive one. I feel sorry for him. I wouldn't trade mine for any other car. Maybe a Porsche 944 Turbo, but—that's a good car and I feel for him.

Mr. Staten (Cash's counsel): Your Honor, for the record, in my complaint I believe that we only asked for damages in the amount of the repair bill and I'm going to—

The Court: Well, that's all you're entitled to.

Mr. Staten: Well, I was going to amend my complaint since there is still—this trial is bifurcated and open-end damages.

The Court: You should have done that before you came in here. What did you pray for?

Mr. Staten: The amount of the repair bill.

The Court: Forty-three fourteen.

Mr. Staten: Four Thousand three hundred fourteen dollars and four cents.

The Court: I think he's been damaged more than that. I really do.

Mr. Staten: I think he has too, your Honor, based upon the proof I found out about today. And since the trial is not over yet and judgment technically has not been entered—

The Court: All right, I'll allow you to amend it. I think like I say, maybe I know too much about Hondas but I know a brand new Honda with a hundred miles on it and it gets wrecked like this and you say I've only been damaged forty-three hundred dollars, that car has appreciated a lot

more than that because I know what the value of a Honda is. It stays very high and his would have appreciated a lot more than that.

. . .

The Court: I'm going to award him $7,500.00. I think he was damaged that much.

Mr. Lippsmeyer (Jernigan's counsel): Your Honor, for the record, I'd like to object to allowing Mr. Cash to amend the complaint—

The Court: It's discretionary and I'm going to do it.

 Granted, the proper measure of damages for damage to an automobile is the difference in the fair market value of the automobile before and after the occurrence. AMI 2210. Notwithstanding, by making biased comments concerning the value of Hondas, the trial judge induced or persuaded Cash to move to amend his complaint to pray for additional damages to his car. In effect, the judge made the motion to amend. This conduct was improper. A trial judge should refrain from actions that tend to favor one litigant over another. *Western Coal & Mining Co. v. Kranc*, 193 Ark. 426, 100 S.W.2d 676 (1946).

Under the circumstances, we conclude that the trial court abused its discretion in allowing the amendment. We reverse and remand.

Reversed and remanded.

GLAZE, J., not participating.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. This was a bifurcated trial before the court. Appellant Russell Gene Jernigan (defendant below), testified that he had been drinking at the Party Tyme bar from 10:00 p.m. to 12:30 a.m., when he was asked to leave due to an altercation with another patron, who then followed him to his car and struck him several times through the car window. He said this individual, identified only as "John Doe," then pointed a pistol at him and ordered him out of the car, presumably to fight. Jernigan made a frenzied attempt to escape and crashed into several parked vehicles in what the trial judge aptly characterized

as a "Demolition Derby." One of the parked vehicles belonged to appellee Hubert Lynn Cash (plaintiff below). Cash testified that his vehicle, a new Honda, had been purchased the day of the collision at a price of $13,500, that it cost $4,314.04 to repair the damage and the value of the car had been reduced to only $5,000 or $6,000.

As with most bench trials, the dialogue between court and counsel at the close of the case was casual and the trial judge commented that the damage to the new Honda exceeded the amount of the repair bill—a fairly obvious fact in view of the testimony. Mr. Cash's counsel then remarked that he intended to amend the complaint, which, in the absence of prejudice, a party can now do "at any time without leave of court." ARCP Rule 15(a). The trial judge permitted the amendment over appellant's general objection. The issue of prejudice was not argued then or now.

The majority concludes that the trial judge "induced" or "persuaded" the appellee's amendment to the complaint and by so doing abused his discretion. I respectfully disagree. The trial judge has broad discretion under Rule 15, and that discretion was not abused by the trial judge merely by observing what was obvious, that the damage to the Honda plainly exceeded the amount of the repair bill. *Hogue* v. *Jennings*, 252 Ark. 1009, 481 S.W.2d 752 (1972). I would affirm.