34 F.3d 1070
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael J. WAGNER, Appellant,
v.
UNITED STATES OF AMERICA; U.S. Marshals Service; Robin
Fagla, U.S. Chief Marshal; David Comstock, U.S.
Marshal; Appellees,
Jacob AGEE, Contract Dentist; Clare Venema, Contract Doctor,
Defendants.
 No. 93-3956.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 29, 1994.
Filed: August 30, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael J. Wagner, a federal prisoner, brought a suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-80. He alleged that, while he was a pretrial detainee housed at the Washington County Jail (WCJ) in Fayetteville, Arkansas, United States Deputy Marshal David Comstock delayed taking him to his dentist for treatment of a toothache. The district court[1] granted the United States' motion for summary judgment. Wagner appeals. We affirm.
 
 
 2
 Wagner testified during an evidentiary hearing (in a previous related civil action) that he was suffering from a toothache when he began his WCJ detention, and he offered to pay for treatment from his dentist because the Marshals Service would pay only for an extraction. Wagner testified that Comstock nevertheless refused to take him to his dentist and instead took him, about two weeks later, to WCJ's contract dentist. Wagner ended that visit after the dentist indicated he wanted to pull one of Wagner's teeth and referred to the "extraction only" policy of the Marshals Service. Approximately one week later, Comstock told Wagner he was leaving town and would take Wagner to the dentist when he returned. Wagner again offered to pay to see his own dentist immediately. When Comstock returned from his trip more than two weeks later-almost six weeks after Wagner had first complained about his toothache and had asked to see his dentist-Comstock took Wagner to his dentist where Wagner paid to have his aching tooth filled and other teeth capped.
 
 
 3
 Comstock testified that, because he understood the Marshals Service would pay only for extractions and an inmate had never asked for permission to pay for other treatment, he asked a superior for guidance. Comstock testified further that he repeatedly offered to take Wagner to WCJ's contract dentist, and it was not until after he returned from his trip that he was given permission to take Wagner to his own dentist. Considering this prior testimony and applying Arkansas law on negligence, the district court concluded that the United States was not guilty of negligence that proximately caused injury to Wagner.
 
 
 4
 "We review the district court's decision to grant summary judgment and its interpretation of state law de novo." Bituminous Cas. Corp. v. Tonka Corp., 9 F.3d 51, 52 (8th Cir. 1993), cert. denied, 114 S. Ct. 1834 (1994). To establish a prima facie case of negligence under Arkansas law, "a plaintiff must show that he sustained damages, that the defendant was negligent and that such negligence was the proximate cause of the damages." Earnest v. Joe Works Chevrolet, Inc., 746 S.W.2d 554, 555 (Ark. 1988). We agree with the district court that there is insufficient evidence of proximate cause and damage. In the month that elapsed after Wagner left the contract dentist's office, and before Comstock took Wagner to see his own dentist, Wagner received penicillin and aspirin to combat infection and alleviate pain and did not place the Marshals Service on notice of an emergency dental problem. Nor is there evidence that Wagner suffered long-term injury to his teeth as a result of the delay in treatment.
 
 
 5
 We are troubled by the dilatory response to Wagner's repeated request to spend his own money to see his own dentist for the continuation of serious dental work. Had the emergency proven to be more serious, and the Marshals Service excuse for inaction no more justified, FTCA liability would be a distinct possibility. On this record, however, the judgment of the district court must be affirmed.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendation of the HONORABLE BEVERLY R. STITES, United States Magistrate Judge for the Western District of Arkansas